# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10417

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2018

Lyle W. Cayce
Clerk

CYNTHIA A. GOFF,

Plaintiff - Appellant

v.

WILLIAM SCOTT PERT; OAKLEY TRUCKING, doing business as Oakley
Trucking, Incorporated, also known as Bruce Oakley Trucking,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1934

Before DAVIS, HAYNES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Cynthia Goff appeals the district court's entry of a take-nothing judgment on her personal injury claim and denial of her motion to set aside the verdict and for new trial on damages. She contends that the jury verdict was inconsistent and against the great weight of the evidence. For the reasons explained below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10417

## I. Background

This dispute arises from a car wreck involving an 18-wheeler driven by William Scott Pert on behalf of Oakley Trucking (collectively, the "Defendants"). James Goff, Cynthia's husband, was driving on Interstate 20 in Dallas, Texas, with Cynthia in the passenger seat, when they were rear-ended by Pert's 18-wheeler. The Goffs subsequently ran into a concrete barrier, causing serious injury to Cynthia.

The jury heard competing evidence on two different issues of causation: (1) the cause of the 18-wheeler's impact with the Goffs' car, and (2) the cause of the Goffs' car hitting the concrete barrier. As to the impact involving the 18-wheeler, the Defendants presented evidence that the Goffs drifted into the 18-wheeler's lane, while the Goffs presented evidence that they maintained their lane and were hit from behind. As to the subsequent impact involving the concrete barrier, the Defendants' reconstruction expert disagreed with the Goffs' position that the impact from the 18-wheeler caused their car to hit the concrete barrier.

The jury charge consisted of a general charge with instructions on the applicable law and how it should be applied, followed by four special verdict questions, three of which were conditioned on responses given to prior questions. The first question asked if the "negligence, if any, of [James Goff and/or William Pert] proximately cause[d] the occurrence in question." The second question, conditioned on the first, asked for the percentage of responsibility "for each person you found caused or contributed to cause the Goffs' injuries," again listing James and Pert. The jury answered, "Yes," to Question 1 for both James and Pert and apportioned 99% of the responsibility

2

No. 17-10417

to James and only 1% of the responsibility to Pert.[1]  The third question, about James's injuries, was properly skipped by the jury, leading to Question No. 4:

Question No. 4

> What sum of money, if paid in cash, would fairly and
> reasonably compensate Cynthia Goff for her injuries,
> if any, that resulted from the automobile collision?
> Answer separately in dollars and cents, if any, or
> "None."

Question No. 4 went on to list past and future physical pain, physical impairment, and mental anguish.  No clarification questions were asked about this interrogatory.  The jury answered, "None," for each category of damages.

No objection was raised by Cynthia at the time the verdict was read, but after Defendants moved for entry of judgment based on the jury's finding, Cynthia moved to set aside the verdict and for a new trial based on an allegedly inconsistent verdict and a damages finding she contended was against the great weight and preponderance of the evidence.  The district court entered a take-nothing judgment against the Goffs, concluding that Cynthia could not recover for stipulated past medical expenses because such damages were community property and thus James's 99% comparative negligence was

---

[1] Before answering the first two interrogatories, however, the jury asked for clarification of the exact events to focus on in determining negligence and apportioning fault. Its questions suggest that the jury did not believe the Goffs' theory of the case.  As relevant here, the jury first asked, "In our considerations to the amount of negligence, should we base it on our understanding of what really happened, or what the amount of negligence there is if events took place exactly as the plaintiff claims?"  It then clarified, "If we agree that the events occurred differently than the plaintiffs claim, does the amount of defendant's negligence default to 0%."  The judge responded in writing that their answers "must be based on the evidence and the law that was previously given to you by the Court."  Two days later, the jury asked a follow-up question: "There exists a disagreement to the interpretation of what specifically is the 'occurrence in question' in regards to the scope of the plaintiffs [sic] burden of proof.  Can we get the transcript of the plaintiff's opening statement?"  The judge responded, after conferring with counsel and hearing no objection, "(1) 'Occurrence in question' means the accident.  (2) No.  The Plaintiffs' attorney's opening statement is not evidence."

imputed to Cynthia for purposes of past medical expenses.  Cynthia Goff timely appealed the take nothing-judgment and denial of her motion to set aside the verdict and for new trial on damages.

## II.  Standard of Review

"Granting or denying a motion for a new trial is within 'the sound discretion of the trial court, and reversible only for abuse of that discretion.'" *Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 843 (5th Cir. 1991) (quoting *Boyle v. Pool Offshore Co.*, 893 F.2d 713, 717 (5th Cir. 1990)).  "When, as in the instant case, the trial court has denied a motion for a new trial, our review is particularly limited."  *Id.*  "We are required under the Seventh Amendment to make a concerted effort to reconcile apparent inconsistencies in answers to special verdicts if at all possible."[2]  *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 343 (5th Cir. 2001) (citing *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 364 (1962)).  We have reconciled a jury's verdict even where the apparent conflict was "obvious to the legally trained mind" because the questions "were ambiguous and easily misunderstood."  *McVey v. Phillips Petroleum Co.*, 288 F.2d 53, 59 (5th Cir. 1961).

## III.  Discussion

Cynthia argues that she is entitled to a new trial on damages because the jury's answers were inconsistent and the damages finding was against the great weight of the evidence.  We conclude that the questions were worded in such a way that Cynthia cannot demonstrate that they are all pointing to the

---

[2] Cynthia asserts that the jury form was a general verdict and thus not entitled to the Seventh Amendment's reconciliation requirement.  We disagree.  The verdict form here included a general charge with special interrogatories, which is permitted under Federal Rule of Civil Procedure 49(a).  *See Weymouth v. Colo. Interstate Gas Co.*, 367 F.2d 84, 95 n.31 (5th Cir. 1966).  Moreover, we have previously determined that similar negligence questions were special interrogatories subject to the Seventh Amendment's reconciliation requirement. *See Tidewater Marine*, 927 F.2d at 842–43.

same issues.  She thus cannot overcome the strong presumption in favor of reconciling the jury's verdict.

Cynthia contends that the jury verdict of no damages is against the great weight of the evidence.  We hold that Cynthia is precluded from complaining of this potential error, however, because she requested a damages interrogatory allowing for a no damages ("if any") finding despite the stipulated medical expenses for pain treatment and did not object to the inclusion of "none" as an option in answering Question No. 4.  *See First Nat'l Bank, Henrietta v. Small Bus. Admin.*, 429 F.2d 280, 284 (5th Cir. 1970) (holding that a litigant seeking a new trial due to lack of evidence on a jury finding cannot complain about the error when it requested the issue's submission despite no record evidence to support a negative answer). Cynthia was offered an opportunity to object before the charge was submitted, and she did not.  *See Jimenez v. Wood Cty.*, 660 F.3d 841**,** 844 (5th Cir. 2011) (en banc) ("Rule 51 requires a party to object to jury instructions in order to preserve a claim of error for appeal.").[3]

AFFIRMED.

---

[3] Though not expressly overruled, following our decision in *Jimenez*, the Supreme Court held that correctional officials do not need reasonable suspicion to conduct reasonable strip searches of detainees arrested for minor offenses.  *See Florence v. Bd. of Chosen Freeholders*, 566 U.S. 318 (2012).  This ruling did not affect the issue of preserving objections to jury charges.